# IN THE COURT OF APPEALS OF IOWA

No. 19-1033
Filed September 11, 2019

**IN THE INTEREST OF I.T.,**
**Minor Child,**

**M.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Jamie L. Schroeder of The Sayer Law Group, P.C., Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Melissa Anderson-Seeber of Waterloo Juvenile Public Defender's Office, Waterloo, guardian ad litem for minor child.

Considered by Potterfield, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

This appeal concerns the termination of a mother's parental rights to her child. The juvenile court removed the child from the mother's care shortly after birth in June 2018 and adjudicated the child in need of assistance (CINA) the month after. The court based the removal and CINA adjudication in part on the mother's history of substance use, which extends more than a decade. Although the mother has maintained sobriety in supervised settings, she returns to using controlled substances when that supervision ends. History repeated in April 2018 when the mother used methamphetamine while pregnant with the child. She admitted using methamphetamine two days before delivery.

The mother kept using methamphetamine and was largely absent during the first six months of the child's life. After her arrest and placement in a residential facility in December 2018, the mother stated that she wanted to terminate her parental rights to the child. By the end of the month, the mother changed her mind and began to participate in some of the services offered to her. Yet her participation was sporadic, and her progress was limited.

The State petitioned to terminate the mother's parental rights. After a hearing in April 2019, the juvenile court ordered termination of the mother's parental rights under Iowa Code section 232.116(1)(e) and (h) (2018).

## I.     Grounds for Termination.

We may affirm the termination of the mother's parental rights if the evidence supports termination on one of the grounds cited by the juvenile court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). Termination is appropriate under section 232.116(1)(h) if the record shows:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not dispute the first three elements for termination under this section. She instead argues there is insufficient evidence to show the court could not return the child to her custody as provided in section 232.102 at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). Under Iowa Code section 232.102, the court cannot return a child to the custody of a parent if doing so would be expose the child to any harm amounting to a new CINA adjudication. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). "The threat of probable harm will justify termination . . . ." *Id.*

Clear and convincing evidence establishes the elements for termination under section 232.116(1)(h). The mother's substance use led to the child's CINA adjudication and remained a concern at the time of the termination hearing. Although the mother claims she had six months of sobriety at the time of the hearing, she was under supervision during this period. Her history shows that she resumes using drugs once supervision ends. *See In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993) (noting that a parent's past performance may suggest the quality of future care the parents can provide and thereby show what the future holds for the

child if returned to the parent). Complicating matters, the child has Down syndrome and other congenital disabilities that require specialized care. The record is replete with evidence showing the mother cannot provide the level of care the child needs. At the time of the termination hearing, the mother had attended only one of the child's twenty medical appointments and her visits remained fully supervised to ensure the child's safety.

## II. Best Interests.

The mother also challenges the juvenile court's finding that termination is in the child's best interests. *See D.W.*, 791 N.W.2d at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In determining the child's best interests, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Termination is in the child's best interests. The record establishes that the mother cannot provide the level of care the child needs. Because the mother's long history of drug use followed by periods of sobriety puts her recovery in question, the mother cannot provide the child with the permanency the child requires. The evidence does not show a significant parent-child bond because of the child's removal from the mother's custody at birth and the mother's lack of

involvement in the child's life in the six months that followed. In contrast, the paternal grandparents, who are licensed foster care providers, have provided the child's care since removal. They have been attentive to the child and showed the ability to meet the child's needs. They also provide care for the child's older sibling and have for at least half of his life, as the court has removed that sibling from the mother's care on at least three occasions, most recently in April 2018.

### III. Extension of Time.

Finally, the mother asks for a sixth-month extension of time to allow her to work toward reunification. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of a child for another six months). But to delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* We cannot make such a finding on the record before us.

Although the law requires a "'full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,' Iowa has built this patience into the statutory scheme of chapter 232." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (citation omitted). Once the grounds for termination are established, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of

the parent can quickly translate into intolerable hardship for the children"). The court must not deny the child permanency in the hope that the mother will one day be able to provide a safe and stable home for the child. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014).

For these reasons, we affirm the termination of the mother's parental rights.

**AFFIRMED.**